IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

    Plaintiff,

v.                                    Civil Action No. 2:05CV11
                                                (STAMP)
GALE A. NORTON,
Secretary of the Interior,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

Plaintiff, West Virginia Highlands Conservancy, Inc. ("the Conservancy"), filed the above-styled civil action against defendant, Gale A. Norton, Secretary of the Interior ("the Secretary"), to obtain judicial review of a decision by the Interior Board of Land Appeals ("the Board"). The Conservancy seeks an order vacating the Board's decision and directing the Office of Surface Mining Reclamation and Enforcement ("OSM") to reopen proceedings on the Conservancy's request for enforcement.

The Conservancy filed a motion for summary judgment. The Secretary filed a cross-motion for summary judgment. The Conservancy responded to the Secretary's motion. The Secretary did not reply.

Having reviewed the cross-motions for summary judgment, and the response and replies thereto, this Court finds that the

Secretary's motion for summary judgment must be granted and the Conservancy's motion for summary judgment must be denied for reasons stated below.

## II. Facts

This action was commenced through a citizen complaint requesting enforcement action by OSM against a surface coal mine operator for an alleged violation of hydrogic protection standards at its mine site. Specifically, the Conservancy alleges that significant acid mine drainage was "leaching out each minute" into the surrounding area land and waterways at the rate "of more than 50 gallons every minute." (Pl.'s Mot. Summ. J. at 1.)

On February 14, 1979, the State of West Virginia issued Permit No. 15-79 to LaRosa Fuel. The permit covered 88.4 acres of private land in Upshur County, West Virginia. On October 7, 1983, the West Virginia Department of Environmental Protection ("WVDEP") released LaRosa Fuel's permit bond.

The citizen then submitted a follow-up request for an informal review which demanded further enforcement action to compel the operator to abate the cited violation and also requested additional new enforcement action. On September 24, 1992, OSM issued a ten-day notice to the WVDEP. On October 5, 1992, WVDEP declined to take any enforcement action in response to the ten-day notice because the permit was released on October 7, 1983, and OSM should not reassert jurisdiction over the mine site. On October 30, 1992,

the OSM's Charleston Field Office determined that WVDEP's response was inadequate because it had not taken the appropriate action to cause the violations to be corrected nor had the WVDEP shown good cause for its failure to do so. WVDEP appealed this informal review determination and the Charleston Field Office was upheld by the Deputy Director, Operations and Technical Services, OSM.

On January 14, 1993 the LaRosa Fuel area was inspected and the Charleston Field Office issued a Notice of Violation. Upon reinspection in February 1993, the Charleston Field Office issued a failure to abate cessation order. LaRosa Fuel filed applications for review of the Notice of Violation and the failure to abate cessation order.

On April 22, 1994, the Conservancy filed a request for informal review because the Charleston Field Office had not taken appropriate action in response to the ten-day notice issued as a result of its citizen's complaint. OSM reinspected the mine site finding that LaRosa Fuel was still discharging untreated water that exceeded effluent limitations. The Charleston Field Office provided documentation to the Office of the Solicitor for an injunctive relief referral. The Solicitor's Office sought authorization from the United States Department of Justice to bring a civil action against LaRosa Fuel in federal court.

In September 1994, the Assistant Director informed the Conservancy that it had been correct in asserting that OSM had

failed to take alternative enforcement action to compel compliance with the failure to abate cessation order. However, the Assistant Director noted that the Charleston Field Office had initiated such action with its May 9, 1994 memorandum and, thus, effectively declined to take any additional alternative enforcement action pending the outcome of the referral. Since the Assistant Director refused to take any enforcement action, the Conservancy filed a timely appeal. The Conservancy then filed a motion requesting that the Board suspend consideration of this appeal pending resolution in the form of a final unappealable order in the Conversancy's action for judicial review of the Board's January 30, 1996 decision in <u>LaRosa Fuel Co., Inc. v. OSM</u>. On September 8, 1997, the Board's decision in <u>LaRosa</u> was affirmed in <u>West Virginia Highlands Conservancy, Inc. v. Babbitt</u>, Civil Action No. 1:96CV34 (N.D. W. Va. 1997). The Fourth Circuit Court of Appeals vacated the district court's decision and remanded the case to be dismissed because the matter was not ripe for review. <u>See</u> <u>West Virginia Highlands Conservancy, Inc. v. Babbitt</u>, 161 F.3d 797 (1998). The Associate Solicitor, Division of General Law, informed the Conservancy by letter that the Secretary declined to take jurisdiction over the Board's January 1996 decision in <u>LaRosa</u>.

Upon review by the Interior Board of Land Appeals ("IBLA"), it determined that OSM's actions were reasonable and denied the Conservancy's request for any relief. The Conservancy filed a

4

complaint regarding the decision by the Interior Board of Land Appeals, 164 IBLA 260 (Jan. 2005). The Board's decision affirms OSM's refusal to take enforcement action at a surface coal mining and reclamation operation.

In this civil action, the Conservancy seeks an order vacating the Board's decision and directing the OSM to reopen the proceedings on the Conservancy's request for enforcement and (1) pursue alternative enforcement options or eliminate the part of the proceedings that concludes that further pursuit of alternative enforcement would be futile; and (2) issue a notice of violation to LaRosa Fuel Company or terminate the part of the proceedings that concluded that the permittee in question has no duty to obtain or maintain a National Pollution Discharge Elimination System ("NPDES") permit. (Compl. ¶ A.) The Conservancy further seeks an award of costs and expenses, including attorney's fees.

## IV. Discussion

The Conservancy seeks summary judgment to reverse the January 11, 2005 decision of the Board because the Secretary's regulations under 30 C.F.R. § 842.15(b) require OSM to pursue alternative enforcement until the agency either ensures that abatement occurs or determines that further pursuit of alternative enforcement would be futile. Further, the Conservancy argues that this Court has jurisdiction over this action pursuant to 30 U.S.C. § 1276(a)(2), if not under 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331.

The Secretary argues for summary judgment because (1) the Board correctly interpreted the regulations specifying OSM's informal review decision was final and appealable pursuant to 30 C.F.R. § 842.15(b) and (2) the Board's interpretation is reasonable and due substantial deference. Further, the Secretary argues that this Court does not have jurisdiction pursuant to 30 U.S.C. § 1276(a)(2); instead, this Court has jurisdiction pursuant to 5 U.S.C. § 554.

In its response, the Conservancy argues that: (1) this Court has jurisdiction pursuant to 30 U.S.C. § 1276(a)(2); and (2) the thirty-day response provision of 30 C.F.R. § 842.15(b) does not authorize OSM to terminate work on a citizen complaint before deciding whether to take enforcement action.

A.  Jurisdiction

A review of a formal adjudication is conducted pursuant to 5 U.S.C. § 554. <u>Gardner v. United States</u>, 239 F.2d 234 (5th Cir. 1956). Review of any proceeding conducted pursuant to 5 U.S.C. § 554 is guided by 30 U.S.C. § 1276, which states that "[a]ny order or decision issued by the Secretary in a civil penalty proceeding . . . required to be conducted pursuant to 5 U.S.C. § 554 . . . shall be subject to judicial review on or before 30 days from the date of such order or decision in accordance with subsection (b) of this section in the United States District Court for the district in which the surface coal mining operation is located." 30 U.S.C.

6

§ 1276. The Administrative Procedure Act, 5 U.S.C. § 554, is only applicable in cases of adjudications required by statute to be determined on the record after an opportunity for a hearing. Gardner, 239 F.2d at 234. On the other hand, "[i]f the adverse administrative decision is ripe for review, § 703 allows a litigant to move under § 1331 and § 1337 for declaratory and injunctive relief." See North Carolina State Bd. of Registration for Professional Engineers & Land Surveyors v. FTC, 615 F.Supp. 1155 (D.C. N.C. 1985). Further, "[a] person suffering legal wrong because of agency action within the meaning of a relevant statute, is entitled to judicial review" pursuant to § 702. 5 U.S.C. § 702.

The Conservancy argues that this Court has jurisdiction pursuant to 30 U.S.C. § 1276, if not under 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331. The Secretary argues that only 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331 confer jurisdiction because the present matter was not adjudicated in a hearing.

This civil action is a review of the Board's interpretation of its own regulations. This Court finds that it has jurisdiction over this civil action pursuant to 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331 because the Board's decision was an informal review and decision. See 30 C.F.R. § 842.15 (§ 842.15 states that a review of a decision not to inspect or review is an informal review). On the other hand, a review of a formal adjudication would be conducted pursuant to 5 U.S.C. § 554. Since this case is

7

a review of an informal adjudication or paper review, without a dispute regarding evidentiary findings or issues involving procedural requirements, statutory authority or constitutional rights, this Court has jurisdiction over this civil action pursuant to 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331. See 5 U.S.C. § 706; Catron v. Babbitt, 955 F. Supp. 627, 633 (W.D. Va. 1997).

B.  Board's Interpretation

The reviewing court must give substantial deference to an agency's interpretation of its own regulations. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994). The Court's task is not to decide which among several competing interpretations best serves the regulatory purpose. Id. Rather, the agency's interpretation must be given "'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Id. (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

In this civil action, the Conservancy contests the IBLA's interpretation of the regulations, which is the same as the Conservancy contesting the Secretary's interpretation of her regulations because the IBLA exercises the authority of the Secretary on the meaning of the regulation at issue. 43 C.F.R. § 4.1(b)(3).

The regulations at issue are the regulations governing the review of citizen complaints addressed to OSM. The Secretary

argues that the regulations direct a reply to the citizen's complaint within thirty days and that such response is appealable pursuant to 30 C.F.R. § 842.15. The Conservancy argues that the Board's decision was not a final decision that would terminate its response to a citizen complaint and trigger judicial review until there is an alternative enforcement action, pursuant to 30 C.F.R. § 845.15(b)(2). Further, the Conservancy argues that review under § 842.15 "cannot meaningfully occur in the absence of a final, substantive determination whether to take enforcement action as requested." (Pl.'s Mot. Summ. J. at 22.)

Title 30, Code of Federal Regulations, Section 842.15 states, in pertinent part:

> The Director or his or her designee shall conduct the review and inform the person, in writing, of the results of the review within 30 days of his or her receipt of the request. The person alleged to be in violation shall also be given a copy of the results of the review, except that the name of the person who is or may be adversely affected shall not be disclosed unless confidentiality has been waived or disclosure is required under the Freedom of Information Act or other Federal law.

30 C.F.R. § 842.15(b).

Pursuant to § 842.15, the Conservancy filed a request for informal review of "the failure of the Charleston Field Office . . . 'to take appropriate action' in response to the TDN [ten-day notice] issued as a result of its citizen's complaint." (Pl.'s Mot. Summ. J. at 9.) The Conservancy alleges that LaRosa Fuel has failed to comply with the cessation order and because of the

9

continued noncompliance, OSM was required to take alternative enforcement action to ensure that LaRosa Fuel complied with the order. Id. The Board issued a decision affirming the OSM. The Conservancy argues that this decision is insufficient to constitute a final, reviewable response for alternative enforcement pursuant to 30 C.F.R. § 842.15(b).

The Secretary argues that the language of the regulation specifies the opposite finding. The Secretary states that the citizen complaint review procedure provided in § 842.15 makes OSM's informal review decision a final appealable decision on a specific citizen complaint. However, this may or may not reflect a final action on an enforcement action. Enforcement actions against an operator and actual final abatement of any violations can take extended periods of time. The Secretary argues that this could potentially leave the citizen complaint process open indefinitely, which is contrary to the regulations.

In this civil action, the Conservancy filed the complaint, an appeal to the Board's decision, but is now arguing that the review decision was not an appealable order. The Secretary has correctly interpreted the regulations to provide for an appealable decision. First, only final decisions of OSM are reviewable by the Board. Accordingly, OSM's decision was final. Second, the Board's decision should be considered final even without final enforcement action to ensure that there is no delay or avoidance in reviewing

the decision by the Board. See 30 C.F.R. § 842.15 (§ 842.15 contains a thirty-day response provision).

The Board concluded that the actions taken at this stage of the proceedings are reasonable. The Conservancy argues that the Secretary's request will allow premature termination on the instant enforcement requests. This Court disagrees. The Conservancy continues to have the right to monitor this case. This case has not concluded. If the Conservancy continues to monitor the case, it may bring another action regarding the final enforcement action taken. The Conservancy argues that "a primary purpose of SMCRA's [Surface Mining Control and Reclamation Act of 1977] citizen complaint provision is . . . to ensure that OSM fulfills its duties under the Act." (Pl.'s Resp. at 11.) See also West Virginia Highlands Conservancy, Inc. v. Norton, 343 F.3d 239, 246 (4th Cir. 2003). This Court finds that the Board's decision promotes SMCRA's purpose. The Board's decision addresses the actions taken up and until the time of the review and decision and will not preclude any further filings regarding the above-mentioned mine site. Accordingly, this Court finds that the Board's decision was final and appealable. Further, this Court finds that the Board's decision was reasonable and consistent with the above-mentioned regulations. In other words, the Conservancy's interpretation of the regulations applicable in this civil action must be dismissed and its motion for summary judgment must be denied.

## V. Conclusion

For the reasons stated above, the plaintiff West Virginia Highlands Conservancy, Inc.'s motion for summary judgment is hereby DENIED and the defendant Secretary of the Interior's motion for summary judgment is hereby GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 7, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE